Filed 9/7/16  P. v. Pierce CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AMBER M. PIERCE,<br><br>    Defendant and Appellant. | D069666<br><br><br>(Super. Ct. No. SCE337996) |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Affirmed.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

After Amber Pierce pled guilty to arson, the court suspended Pierce's sentence and placed her on probation.  Pierce then twice violated probation conditions.  At a hearing, the court revoked Pierce's probation and imposed a two-year sentence.

Appointed appellate counsel filed a brief under *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We sent Pierce notice that her attorney had filed a *Wende* brief and provided Pierce with the opportunity to file a supplemental brief. We did not receive a response from Pierce. After an independent review, we discern no reasonably arguable appellate issues and affirm.

FACTS AND PROCEDURE

In July 2014, Pierce pled guilty to arson of property. (Pen. Code, § 451, subd. (d).) In September 2014, the court suspended sentence, and placed Pierce on three years' formal probation, subject to serving 270 days in county jail, with credit for 256 days.

Six months later, in March 2015, Pierce admitted she violated several probation conditions, including that she tested positive for methamphetamine and failed to enroll in treatment programs. After a hearing, the court reinstated her probation on the same terms. At a hearing held in May 2015, the court emphasized the importance of Pierce complying with the probation conditions.

At a December 2015 hearing, Pierce again admitted violating probation conditions and waived a hearing on the probation violations. The court then considered the appropriate disposition. The court stated it had reviewed supporting letters, the probation report identifying the probation violations and recommending a three-year upper term, and Pierce's prior history of unsuccessful probation. Based on its consideration of these

materials, the court revoked probation and sentenced Pierce to the midterm of two years. The court ruled that fines and fees would be satisfied by custody.

Pierce was represented by counsel at each of these hearings.

Pierce also filed (in pro. per.) petitions for writ of coram nobis, asserting her conviction was void. The court denied the petitions.

Pierce's notice of appeal states she is appealing from the December 2015 sentencing order.

## DISCUSSION

Counsel has identified the following issue that "might arguably support the appeal" (*Anders, supra*, 386 U.S. at p. 744): "Whether the trial court erred by sentencing appellant to state prison rather than reinstating the probation."

A review of the record pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, including the issue referred to by appellate counsel, has disclosed no reasonably arguable appellate issues.  Competent counsel has represented Pierce on this appeal.

## DISPOSITION

The judgment is affirmed.

HALLER, J.

WE CONCUR:

NARES, Acting P. J.

O'ROURKE, J.